```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT

OSBORNE A. TATE, SR.,           :
                                :
    Petitioner,                 :
                                :
V.                              :
                                :    CASE NO. 3:07-CV-1522(RNC)
UNITED STATES,                  :
                                :
    Respondent.                 :
```

## RULING AND ORDER

Petitioner pleaded guilty to possession with intent to distribute more than 50 grams of cocaine base and was sentenced to prison for 180 months. Before pleading guilty, he challenged the admissibility of the cocaine base proffered by the Government on the ground that it could not be authenticated as the same contraband that was seized by local police at the time of his arrest. After an evidentiary hearing, this issue was resolved adversely to petitioner. He now moves pro se pursuant to 28 U.S.C. § 2255 for an order vacating his conviction claiming that his counsel was ineffective in failing to demonstrate that the cocaine base proffered by the Government was inadmissible due to a break in the chain of custody. He asserts that his counsel's ineffectiveness in this regard led him to plead guilty to possessing crack cocaine when in fact he possessed only powder cocaine. The Government contends that the motion should be denied because, among other things, petitioner's guilty plea

1

precludes him from attacking his conviction.  <u>See</u> Govt.'s Response at 12.  I agree that the guilty plea bars petitioner from raising the present claim and therefore deny the motion.

I.   <u>Background</u>

In November 2003, petitioner was stopped by a police officer in Ansonia for a motor vehicle violation.  He subsequently threw two plastic bags to the ground.  A third party escaped with one of the bags, but the other bag was seized by police.  The bag contained approximately 140 grams of an off-white, chunky substance that field-tested positive for cocaine.  Searches of petitioner's person and car disclosed two smaller packages containing a powdery substance that also field-tested positive for cocaine.  Also recovered were a bag containing 50 grams of marijuana, a small digital scale with drug residue and a large wad of cash.  The drug evidence was processed by Ansonia police and eventually turned over to the Drug Enforcement Administration, which sent it to a lab for testing.  The lab results confirmed that the off-white chunky substance in the plastic bag was cocaine base.

Petitioner was charged with possession with intent to distribute more than 50 grams of cocaine base.  He pleaded not guilty and an attorney was appointed to represent him.  The attorney filed a motion to suppress challenging the Government's ability to establish a chain of custody with regard to the

Case 3:07-cv-01522-RNC   Document 7   Filed 04/15/09   Page 3 of 6

cocaine base it intended to offer into evidence at trial.[1]  Under Federal Rule of Evidence 901, a bag of crack cocaine is admissible in a prosecution for possession with intent to distribute if the evidence supports a finding that the specific bag in question was in the defendant's possession at the time of his arrest.  See generally 5 Weinstein's Federal Evidence ¶ 901.02[1] at 901-10.  Following an evidentiary hearing on the defendant's motion, I ruled that the evidence presented at the hearing would permit a jury to make this finding with regard to the cocaine base proffered by the Government.  Accordingly, the defendant's motion was denied.

On January 10, 2006, pursuant to a written plea agreement, petitioner changed his plea to guilty.  At the change of plea proceeding, he admitted under oath that on November 11, 2003, he possessed 138.2 grams of cocaine base intending to sell it.  On the basis of this sworn statement, his guilty plea was accepted. Following a lengthy sentencing hearing, I declined to sentence petitioner as a career offender (with an applicable guideline range of 262-327 months) and imposed a sentence of 180 months. Petitioner's counsel filed a notice of appeal followed by an Anders brief.  The Government's motion for summary affirmance was granted.

---

[1]  The motion also challenged the validity of the traffic stop under the Fourth Amendment.

3

II.  Discussion

"[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process.  When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."  Tollett v. Henderson, 411 U.S. 258, 267 (1973).  Consistent with this principle, an unconditional guilty plea bars a defendant from attacking his conviction based on his counsel's alleged ineffectiveness with regard to matters that occurred before the plea was negotiated.  See United States v. Torres, 129 F.3d 710, 715-16 (2d Cir. 1997)(defendant's claim that his counsel was ineffective in failing to interview and call certain witnesses at pretrial suppression hearing would not be addressed on appeal because this alleged ineffectiveness did not relate to the voluntary and knowing character of the guilty plea); United States v. Coffin, 76 F.3d 494, 497-98 (2d Cir. 1996)(defendant's guilty plea effectively waived all ineffective assistance of counsel claims relating to events that occurred before the guilty plea); Vasquez v. Parrott, 397 F. Supp. 2d 452, 463 (S.D.N.Y. 2005)(state prisoner's habeas claim that his counsel was ineffective in connection with speedy trial motion was barred by guilty plea because the speedy trial motion did not relate to the

4

voluntary and knowing character of the plea).

Here, petitioner does not challenge the advice he received in connection with the plea agreement process. Rather, he claims that his counsel rendered ineffective assistance in connection with the chain of custody issue, which was resolved adversely to him before he agreed to plead guilty. Petitioner did not attempt to enter a conditional guilty plea with the consent of the court and the government, as permitted by Federal Rule of Criminal Procedure 11(a)(2), reserving a right to appeal the ruling denying his motion to suppress. Because his plea was unconditional, it effectively waived all nonjurisdictional defects in the proceedings leading up to the plea, including the alleged denial of effective assistance of counsel in connection with the chain of custody issue. See Coffin, 76 F.3d at 497.

Petitioner's assertion that his counsel's ineffectiveness in connection with the motion to suppress led him to plead guilty does not provide a basis for avoiding the waiver arising from his guilty plea. As the Court of Appeals has explained, an ineffectiveness claim survives an unconditional guilty plea only if it relates to the process by which the defendant agreed to plead guilty. See United States v. Parisi, 529 F.3d 134, 138-39 (2d Cir. 2008). Because petitioner does not allege that the advice he received in connection with the plea agreement process was defective, his claim is barred.

III. Conclusion

Accordingly, petitioner's motion is hereby denied and the action is dismissed.

So ordered.

Dated at Hartford, Connecticut this 15th day of April 2009.

                              /s/ RNC
                         Robert N. Chatigny
                      United States District Judge